IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, #B-62251, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 11-cv-027-JPG |
| | ) |
| MARVIN POWERS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Gay, an inmate in Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, and seeks redress for tort claims under Illinois state law. Plaintiff was originally incarcerated on a 1994 robbery conviction, for which he was sentenced to seven years. Since then, he has amassed numerous other convictions while in prison, for aggravated battery against peace officers, as well as a conviction for possession of a weapon. As a result, he is serving consecutive sentences that will keep him in prison until approximately 2095.

This case was originally filed by Plaintiff in the Circuit Court of the First Judicial District of Illinois, Alexander County, Case No. 2010-MR-32, on April 13, 2010 (Doc. 2, p. 1). Defendant Powers removed the case to this Court on January 10, 2011, after Plaintiff filed an amended complaint raising an Eighth Amendment claim, in addition to his state law claims. Defendant Powers paid the filing fee upon removing the case, thus making it unnecessary for this Court to analyze whether Plaintiff would be permitted to proceed *in forma pauperis* (See Doc.

10).

The amended complaint (Doc. 2-1, p. 1-3) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal. In addition, for reasons that shall be explained below, this case shall be remanded back to the Circuit Court of Alexander County.

**The Complaint**

The following factual summary is taken from Plaintiff's amended complaint (Doc. 2-1), submitted to the Circuit Court in Alexander County, Case No. 2010-MR-32, on December 9, 2010.

Plaintiff has a history of mental health problems, and has cut and mutilated himself on numerous occasions.[1] In the case at bar, Plaintiff states that on January 22, 2010, he was suffering from mental health problems and became angry and agitated (Doc. 2-1, p. 1-2). As a result, he inflicted a four inch long cut on his right upper thigh, approximately one-half to one inch deep. Plaintiff also wove six strips of towel through the skin on his right inner thigh (it appears that Plaintiff is referring to the same self-inflicted cut).

Plaintiff was examined by a nurse at approximately 4:40 a.m.; she determined that the wound would require treatment by a doctor, and notified Defendant Powers. Plaintiff was taken

---

[1] Plaintiff has been a frequent litigator in this Court, and currently has three other actions pending in which he alleges that Tamms officials, including Defendant Powers, have been deliberately indifferent to his mental health or other medical needs. Each of these cases also involves episodes of self-mutilation by Plaintiff. *See Gay v. Clover*, Case No. 09-cv-925-JPG-PMF (filed Nov. 3, 2009); *Gay v. Blackman*, Case No. 11-cv-014-JPG (filed Jan. 7, 2011); *Gay v. Powers*, Case No. 11-cv-020-GPM (filed Jan. 7, 2011). Plaintiff has also incurred more than three "strikes" for filing frivolous or meritless cases, and as a result can no longer bring a federal court action *in forma pauperis* without making a showing that he is under imminent physical danger (or alternatively, he may bring an action by pre-paying the filing fee). *See* 28 U.S.C. 1915(g); *Gay v. Montgomery*, Case No. 99-cv-366 (S.D. Ill., dismissed as frivolous Jan. 10, 2000); *Gay v. Welbourne*, Case No. 00-cv-029 (S.D. Ill., dismissed as frivolous Nov. 17, 2000); *Gay v. Powers*, Case No. 98-cv-772 (S.D. Ill., dismissed as frivolous Sept. 26, 2001); *Gay v. Page*, Case No. 99-cv-365 (S.D. Ill., dismissed for failure to state a claim Jan. 25, 2002).

to Defendant Powers at approximately 9:30 a.m.  Plaintiff alleges that Defendant Powers first tried to "maliciously and sadistically" rip the strips of towel out of the wound on his leg (Doc. 2-1, p. 2).  When that attempt to remove the towel did not succeed, Defendant Powers cut Plaintiff's skin to extract the towel strips, causing Plaintiff unnecessary pain and bleeding.  Plaintiff contends Defendant Powers acted "intentionally, maliciously and sadistically with the intent to cause harm" (Doc. 2-1, p. 2).  Plaintiff claims Defendant Powers could have cut the towel instead of his skin.

Plaintiff informed Defendant Powers that he did not want the wound to be sutured unless Defendant Powers used anesthetic.  Defendant Powers allegedly responded, "You don't tell me how to do my job" (Doc. 2-1, p. 2).  Defendant Powers then sutured Plaintiff's laceration without using anesthetic, causing Plaintiff unnecessary pain.  Plaintiff alleges that he did not consent to this treatment by Defendant Powers, and that Defendant Powers acted against Plaintiff's will.

Based on these allegations, Plaintiff claims that Defendant Powers' actions constituted cruel and unusual punishment, battery, and intentional infliction of emotional distress.

**Discussion**

Plaintiff has outlined three (3) separate counts in his complaint.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Cruel and Unusual Punishment**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).  Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice.  *Estelle*, 429 U.S. at 106; *Sanville,* 266 F.3d at 734; *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

     Here, the complaint alleges that Defendant Powers rendered medical treatment for Plaintiff's self-inflicted wound in such a way that caused him unnecessary pain.  First, Defendant Powers attempted to rip out the strips of towel that Plaintiff had woven into his leg wound.  Next, Defendant Powers cut Plaintiff's skin to remove the towel strips.  Finally, Defendant Powers sutured the wound without using any anesthetic.  However, Plaintiff does not allege that the strips of towel did not need to be removed from his wound, nor does he contend that stitches were unnecessary.

     If Defendant Powers' actions fell within the range of medically acceptable treatment, or even if they constituted malpractice, Plaintiff has no constitutional claim.  The Seventh Circuit's decision in *Snipes v. DeTella* is dispositive here.  *Snipes* involved a claim of deliberate indifference where a prison physician removed the plaintiff's injured toenail without using any anesthetic.  Reasoning that the doctor's entire treatment (removal of the toenail and the refusal to give anesthetic) must be viewed as a whole, the court held that the plaintiff's pain from the

procedure "was not objectively, sufficiently serious" so as to amount to a constitutional violation. *Snipes*, 95 F.3d at 591 (discussing *Farmer v. Brennan*, 511 U.S. 825 (1994)). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes*, 95 F.3d at 592. The court further observed that disputes regarding a physician's medical judgment are "questions of tort, not constitutional law." *Id.* at 591.

Like *Snipes*, Plaintiff's claim does not involve the failure to treat a serious condition, but instead stems from a disagreement with the way Defendant Powers rendered treatment. Accordingly, Plaintiff does not have a constitutional claim. Because Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted, Count 1 must be dismissed with prejudice.

**Count 2 - Battery**

Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). Arguably, Plaintiff's complaint has stated the elements of a battery claim. Had Plaintiff also stated a claim under 42 U.S.C. § 1983, supplemental jurisdiction over the battery claim pursuant to 28 U.S.C. § 1367(a) would be proper in this Court. However, because Plaintiff's constitutional claim must be dismissed, Plaintiff's state law claims shall be remanded to the Alexander County Circuit Court. *See Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996) (when all federal claims are dismissed before trial, there is a presumption against retaining jurisdiction of supplemental state-

law claims), *vacated and remanded on other grounds sub nom. State Oil Co. v. Khan*, 522 U.S. 3 (1997); *see also* 28 U.S.C. § 1367(c)(3).

**Count 3 - Intentional Infliction of Emotional Distress**

For the reasons stated in Count 2, Plaintiff's state law claim for intentional infliction of emotional distress shall also be remanded to the Alexander County Circuit Court.

**Pending Motions**

Plaintiff has moved for the appointment of counsel (Doc. 12).  In addition, Defendant has moved for a HIPAA qualified protective order (Doc. 13).  Because Plaintiff's constitutional claim shall be dismissed and this case closed, both  motions are **DENIED** as moot.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT ONE** fails to state a constitutional claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that, as **DEFENDANT POWERS** removed this case from the Circuit Court of the First Judicial Circuit of Illinois, Alexander County, where it was originally filed as Case No. 2010-MR-32, this matter is **REMANDED** back to the Circuit Court of the First Judicial Circuit of Illinois, Alexander County, for the resolution of Plaintiff's remaining state law claims enumerated in **COUNTS TWO** and **THREE**.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   September 15, 2011

                                        *s/J. Phil Gilbert*
                                        **United States District Judge**